UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TRUSTEES OF THE UNITED TEAMSTER
FUND,

                                                  Plaintiffs,

    -against-

RONNIE'S TRUCK SERVICE, INC.,

                                                  Defendant.
--------------------------------------------------------X

REPORT AND
<u>RECOMMENDATION</u>

07 CV 4456 (CPS)(RML)

LEVY, United States Magistrate Judge:

       By order dated February 28, 2008, the Honorable Charles P. Sifton, United States District Judge, referred plaintiffs' motion for a default judgment to me to conduct a damages inquest and issue a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion for default judgment and their application for damages be granted. Accordingly, I recommend that they be awarded a total of $1,692 plus interest of six percent per annum on $4,050 in unpaid contributions.

## BACKGROUND AND FACTS

       Local 111 of the International Brotherhood of Teamsters[1] and defendant Ronnie's Truck Service, Inc. ("defendant"), are parties to a collective bargaining agreement ("CBA") governing, *inter alia*, the wages, hours, and benefits of all covered employees. The CBA requires that defendant pay monetary contributions to the United Teamster Fund (the "Fund") for work performed by all covered employees and submit monthly remittance reports that set forth those employees covered by the CBA and the contributions due on each of these employees'

---

[1] Formerly known as Local Union 239, International Brotherhood of Teamsters.

behalf. (See Complaint, dated Oct. 25, 2007 ("Compl."), ¶¶ 6-8.) Notwithstanding the terms of the CBA, defendant failed to remit contributions to the Fund from December 2007 through February 2008, an estimated $4,050. (See Revised Proposed Default Judgment, dated June 18, 2008 ("Revised Default"), 1.)

On October 25, 2007, plaintiffs Trustees of the United Teamster Fund ("plaintiffs")[2] brought this action, pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), Id. § 185(a), against defendant to secure enforcement of the CBA, collection of all unpaid contributions, interest owed thereupon, costs, liquidated damages, and attorney's fees. (See Compl. ¶¶ 1-5, 11-14.) On October 29, 2007, they served the Summons and Complaint on defendant at its actual place of business by substituted service upon Frank Castalia, owner of defendant who is an officer authorized by law to receive service at defendant's address. (See Affidavit of Rachel S. Paster, sworn to Feb. 26, 2008 ("Paster Aff."), Ex. B.) Defendant did not answer the Complaint or otherwise move against the Complaint as of November 19, 2007, as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(a). On February 26, 2008, plaintiffs applied to this Court for a default judgment against defendant, and on the following day, the Clerk of the Court entered a Certificate of Default against defendant. (See Clerk's Certificate of Default Against Defendant, dated Feb. 27, 2008.) See Fed. R. Civ. P. 55(a). Plaintiffs subsequently filed a Proposed Motion

---

[2] Plaintiffs are "fiduciaries" of a "multi-employer plan" and an "employee benefit plan" established pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947 , 29 U.S.C. § 186(c)(5), within the meanings of sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, Id. §§ 1002(3) & (37). (See Compl. ¶ 4.)

for Default Judgment with respect to defendant, but defendant failed to respond. To date, the court has received no communication from defendants.

## DISCUSSION

Plaintiffs have demonstrated that they properly served defendant with the Summons and Complaint. In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the Complaint, and that the time to do so has expired. (See Clerk's Certificate of Default Against Defendant.) I therefore recommend that plaintiffs' motion for default judgment be granted.

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." LaBarbera v. Golden Vale Constr. Group, No. 06 CV 0813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007) (quoting Levesque v. Kelly Commc'ns, Inc., No. 91 Civ. 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974))) (quotation marks omitted). Plaintiffs set forth the following claims:

**1. Recovery of Interest Under ERISA**

On June 18, 2008, plaintiffs notified the court that defendant recently paid the overdue contributions from December 2007 through February 2008 that it owed the Fund. (See Revised Default 1.) Plaintiffs now desire to recover only the interest on these late Fund

contributions. (Revised Default 1.) "An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Trs. of the Bldg. Servs., 32B-J, Pension, Health & Annuity Funds v. Linden Realty Assocs., No. 94 CV 1358, 1995 WL 302454, at *4 (E.D.N.Y. May 8, 1995) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990); Berry v. Garza, 919 F.2d 87 (8th Cir. 1990); Winterrowd v. David Freedman & Co., 724 F.2d 823 (9th Cir. 1984)). Section 502(g)(2) of ERISA authorizes plaintiffs to recover "interest on the unpaid contributions." § 1132(g)(2)(B). Section 1332(g)(2)(B) thus creates a mandatory right to interest "in any case in which a judgment in favor of the plan is awarded." Bldg. Servs. 32B-J, Pension, Health & Annuity Funds, 1995 WL 302454, at *7; see also DiVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1040 (E.D.N.Y. 1993 (citing McDonald v. Centra, Inc., 946 F.2d 1059, 1065 (4th Cir. 1991); Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc., 933 F.2d 376 (6th Cir. 1991); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989); Benson v. Browner's Moving & Storage, Inc., 726 F. Supp. 31, 36 (E.D.N.Y. 1989), aff'd, 907 F.2d 310 (2d Cir. 1990)).

According to plaintiffs, defendant owed the Fund principal contributions from December 2007 to February 2008 amounting to a principal of $4,050. (Paster Aff. ¶ 9.) Cf. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it is ensured that there was a basis for the damages specified in the default judgment") (quotation marks & citation omitted) (brackets in original). Defendant must provide plaintiffs with interest on the aforementioned principal. "[I]nterest on unpaid contributions shall be determined by using the

rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."
§ 1132(g). In this case, because the CBA sets forth no interest rate, plaintiffs shall receive interest as calculated pursuant to 26 U.S.C. § 6621. According to this statute, the applicable interest rate "shall be the sum of – (A) the Federal short-term rate established under subsection (b), plus (B) 3 percentage points." 26 U.S.C. § 6621(a)(2). After determining the short-term interest rates for the applicable periods and following the guidelines of subsection (b), I find that an interest rate of six percent per year should be applied to the principal. See § 6621(b). However, because interest continues to accrue on all outstanding principal through the date of entry of judgment, I cannot recommend a specific interest award at this time.

**2. Legal Fees & Other Costs**

Pursuant to § 502(g)(2)(D) of ERISA, plaintiffs wish to recover $1,100 in attorney's fees. See § 1132(g)(2)(D). (See Paster Aff. ¶¶ 11-12.) Plaintiffs support their fee request with contemporaneous time records. (See Affidavit of Rachel S. Paster, sworn to Feb. 26, 2008 ("Fee Aff."), Exs. A & B.) "The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." Meehan v. Gristede's Supermkts., Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (quotation marks & citation omitted); see also Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In calculating a "presumptively reasonable" fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to

the skill and experience of the attorneys who worked on the matter.  Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997).  The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable.  Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, I find plaintiffs' counsel's average hourly rate of $200 for a law firm associate reasonable and in line with rates awarded in this area to counsel with comparable experience.  See, e.g., LaBarbera v. D & R Materials, Inc., No. 06 CV 2100, 2007 WL 1041666, at *4 (E.D.N.Y. Apr. 3, 2007) (finding rate of $340 per hour reasonable in default ERISA case); King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *7-8 (E.D.N.Y. Oct. 3, 2006) (awarding fees for senior partner's time in default ERISA case at rate of $275 per hour).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are reasonable.  See McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006).  "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary."  Bourgal v. Atlas Transit Mix Corp., No. 93 CV 0569, 1996 WL 75290, at *7 (E.D.N.Y. Feb. 7, 1996).  Plaintiffs' counsel expended a total of 5.5 hours on this case and seeks $1,100 in attorney's fees.  (See Fee Aff. ¶ 2.)  Counsel's work on this case included drafting and editing the complaint, conducting legal research, drafting correspondence, and preparing default judgment submissions.  I find the 5.5 hours reasonable.  See LaBarbera v. David Liepper & Sons, Inc., No. 06 CV 1371, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.17 hours reasonable in ERISA default judgment case).  Accordingly, I recommend a fee award of $1,100.

Plaintiffs also seek costs in the amount of $592. (See Paster Aff. ¶ 10; Fee Aff. Ex. B.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (quotation marks & citation omitted); accord § 1132(g)(2)(D). "A prevailing party may be reimbursed for the expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." N.Y. State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 961 F.2d 390 (2d Cir. 1992), judgment vacated on other grounds sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic (Manhattan), 507 U.S. 901 (1993). Here, I find the amount reasonable and, therefore, respectfully recommend that plaintiffs be awarded $592 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendant and that plaintiffs be awarded a total of $1,692 plus six percent interest per annum on unpaid contributions of $4,050. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Sifton and

to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      June 19, 2008